## Mercado *v.* Smith.

Apelación procedente de la Corte de Distrito de San Juan.

No. 71.—Resuelto en Mayo 25, 1904.

Dominio.—Los propietarios que tuvieren escritura pública creditiva del dominio de una finca á su favor, no pueden acogerse al procedimiento ó información que establece el artículo 395 de la Ley Hipotecaria para los que carecieren de título de dominio escrito.

### EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal del Distrito de San Juan á instancia de Don Martin García en representación de su esposa Da. Ricarda Mercado Caballero sobre información de dominio de un solar radicado en el barrio de Santurce, sitio denominado "Minillas" y oposición formulada por Mr. Herbert E. Smith, pendientes ante Nos. á virtud del recurso de apelación interpuesto por la representación de la parte promovente, contra la sentencia pronunciada por el referido Tribunal de Distrito, la que copiada á la letra dice así:

"*Sentencia.*—En la Ciudad de San Juan de Puerto Rico á 4 de Junio de mil novecientos tres, visto en juicio oral y público los presentes autos declarativos seguidos entre partes, de una, como de-

mandante Mr. Herbert E. Smith propietario, abogado y vecino de esta Ciudad, representado en un principio por el Letrado Don Rafael López Landrón y posteriormente por sí mismo, y de la otra, como demandada, Doña Ricarda Mercado, casada, dirigida en este litigio por el Letrado Don Wenceslao Bosch en su inicio, y después por Don Emigdio S. Ginorio, sin que consten las demás generales de las partes, sobre oposición de un expediente de dominio.

*Resultando*: que en el mes de Noviembre de 1900 promovió información de dominio ante este Tribunal Doña Ricarda Mercado de la siguiente finca: terreno radicado en el barrio de Santurce de esta Ciudad, sitio Minillas, compuesto de catorce metros de frente, al Este con la calle 13; por doce de fondo ú Oeste, en lindes con Raimundo Tanco; treinta y dos metros veinte centimetros al Norte en colindancia con terrenos de Don Manuel M. Ginorio, y veinte y nueve metros al Sud lindando con Raimundo Tanco, cuyo terreno adquirió por ciento cincuenta pesos, según escritura otorgada en 6 de Agosto de 1900 ante el Notario de esta Ciudad Don Mauricio Guerra.

*Resultando*: que al publicarse en la Gaceta de Puerto Rico, correspondiente al 23 de Noviembre de 1900 los correspondientes edictos llamando á los que se creyeran perjudicados por la declaratoria de dominio que se solicitaba, se personó en este expediente el Letrado Lopez Landrón á nombre de Mr. Herbert E. Smith, formulando la correspondiente demanda que fundó en los siguientes hechos: que por escrituras públicas de 5 de Octubre de 1870 ante el Escribano Don Juan Basilio Nuñez y 29 de Abril de 1871 ante el Notario Don Pedro Rafael Escalona, inscritas ambas en el Registro de la Propiedad de esta Ciudad, Hipólito Ferrer, propietario de Santurce, vendió á Lino Aquino Calderón conocido por Juan Lino Aquino Calderón, una finca rústica compuesta de veinte y media cuerdas, sitas en el barrio de Cangrejos, lugar denominado el Condado, sobre cuya finca no pesaba carga ni gravámen alguno: que de la citada finca solicitó y obtuvo la posesión judicial el Aquino Calderón, cuya diligencia de entrega tuvo lugar el 28 de Abril de 1888, levantándose en tal ocasión el correspondiente plano: que la finca de referencia fué adquirida por compra que de ella hiciera Mr. Herbert E. Smith en escritura ante el Notario Sr. Palmer, inscrita en el Registro de la Propiedad y al ir á hacerse cargo de lo que legitimamente le corresponde vió que se hallaba introducida en la finca Ricarda Mercado pretextando ser de su propiedad un trozo de terreno en ella enclavado, y que Doña Ricarda Mercado léjos de ser dueña del terreno cuyo dominio promueve no es más que una mera detenta-

dora por ser indiscutible el mejor derecho que sobre la propiedad del mismo tiene Mr. Smith, suplicando que previos los trámites legales se dictase sentencia declarando improcedente la declaratoria de dominio promovida por Doña Ricarda Mercado con las costas á cargo de esta última.

*Resultando*: que conferido traslado de la oposición formulada á la promovente Da. Ricarda Mercado la contestó en su nombre el abogado Sr. Bosch oponiéndose á la demanda presentada por el Sr. Smith y pidiendo que se declarase sin lugar con la correspondiente sentencia en la que se debía declarar justificado el dominio sobre la finca de referencia, con imposición de las costas al opositor Smith.

*Resultando*: que convocadas las partes á una comparecencia verbal para la proposición de las pruebas de que intentaban valerse sólo compareció la representación de la Sra. Mercado que propuso la documental y pericial, prueba que con una excepción, fué declarada pertinente por el Tribunal por providencia de 25 de Abril del año en curso y mandada á practicar con citación contraria.

*Resultando*: que en el acto del juicio oral después de practicadas las pruebas, informó el Letrado Sr. Hernández Lopez, del promovente, sobre aquellos puntos que creyó pertinentes al derecho de su representado, habiéndose procedido á la votación de la sentencia en el día de hoy, en lo que fué por unanimidad, constituido el Tribunal en audiencia pública.

*Resultando*: que en la tramitación de este juicio se han guardado las reglas del procedimiento. Visto siendo Ponente el Juez Asociado Don José Tous Soto.

*Considerando*: que si es cierto que todo propietario que careciere de título escrito de dominio, cualquiera que sea la época en que hubiese tenido lugar la adquisición, podrá inscribir dicho dominio llenando los requisitos marcados en el artículo 395 de la Ley Hipotecaria, es preciso para ello, como claramente se indica en el mencionado artículo, que el promovente carezca de título escrito de dominio, lo que no sucede en el presente caso, pues en el escrito inicial de este expediente se expresa que la solicitante adquirió el terreno de referencia por escritura pública otorgada en 6 de Agosto de 1900 ante el Notario de San Juan Don Mauricio Guerra.

*Considerando*: que si bien en el artículo 437 del Reglamento de la Ley Hipotecaria se equipara el propietario que carece de título al que teniéndolo no pueda reclamar inmediatamente la inscripción por haber de traerlo de punto distante del lugar en que deba hacerla ó por cualquier otra causa que le obligue á dilatar su presentación, es necesario hacer constar en el expediente esta circunstancia, y como

en el caso presente no se llenó este requisito, no puede aquella, en el supuesto de que éxista, ser tenida en cuenta por el Tribunal.

*Vistos* los citados artículos y demás de aplicación y los de la Ley de Enjuiciamiento Civil y Orden General No. 118 de 1899 relativos al presente caso.

*Fallamos*: que debemos declarar y declaramos no haber lugar á declarar justificada la información de dominio promovida por Doña Ricarda Mercado con las costas á su cargo. Así por esta nuestra sentencia definitivamente juzgando lo pronunciamos, mandamos y firmamos.—Juan Morera Martinez, Frank H. Richmond, José Tous Soto.—Luis Mendez Vaz.''

*Resultando* que contra la expresada sentencia interpuso apelación la representación del promovente, la que le fué admitida libremente y en ambos efectos, y que elevados los autos á esta Superioridad, con citación y emplazamiento de las partes, y personada la apelante, se dió al recurso la tramitación correspondiente y se señaló día para la vista, á cuyo acto sólo asistió el Sr. Fiscal de este Tribunal Supremo, que impugnó el recurso.

Abogado del apelante, *Sr. Ginorio (Emigdio S.)*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

La parte apelada no compareció.

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hechos y de derecho de la sentencia apelada, á excepción del segundo considerando.

*Vistos* el artículo 395 de la Ley Hipotecaria y demás de la Ley de Enjuiciamiento Civil y la Orden General No. 118 de 1899, de aplicación al caso.

*Fallamos* que debemos confirmar y confirmamos la sentencia apelada, con las costas al apelante.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.